## Francis A. Augur v. Gulfport Land Improvement Company.

### [48 South. 722.]

Chancery Practice. *Deed of trust. Sale by trustee. Injunction. Dissolution. Damages. Solicitor's fee. Advertisement of sale.*

Where an injunction, restraining a sale under a deed of trust was obtained after the property had been advertised for sale, was dissolved, the defendant was entitled to recover as damages counsel fees for services alone in procuring the dissolution of the injunction and the costs of the advertisement of the sale.

From the chancery court of Harrison county.

Hon. Thaddeus A. Wood, Chancellor.

Augur, appellant and cross-appellee, was complainant in the court below; the Land Improvement Company, appellee and cross-appellant, was defendant there. The object of the suit was to enjoin an advertised sale of lands under a deed of trust executed by complainant to secure a debt due defendant. A preliminary injunction was obtained. On the final hearing the court below dissolved the injunction and dismissed the suit, but declined to award damages to the defendant, although proof of the cost of the advertisement, of the services of counsel in procuring the dissolution of the injunction and an estimate of the value of such services was made. The complainant appealed to the supreme court and defendant prosecuted a cross-appeal.

*J. H. Mize,* for appellant and cross-appellee. *Barrett & Taylor* and *T. M. Evans,* for appellee and cross-appellant.

Argued orally by *T. M. Evans,* for appellant.

Whitfield, C. J., delivered the opinion of the court.

There is no merit whatever in the assignment of error on the direct appeal. So far as we can discern, this has been a contest

for delay, pure and simple. Wherefore the decree on the direct appeal is affirmed.

On the cross-appeal we think the court erred in not allowing counsel fees for such services as were rendered in procuring a dissolution of the injunction, and in not allowing the printer's fees proven to have been paid for the advertisement. Of course, no such sum as $800 should be allowed. Only such a fee as is proper for the services rendered in and about the procuring of the dissolution should be allowed. The counsel fees on the merits are secured in the note itself, and are not to be confused with the mere services on the hearing of the motion to dissolve.

The decree on the cross-appeal is reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*